UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-101 |
| PAIGE OKPALOBI | SECTION "R" |

### ORDER AND REASONS

Paige Okpalobi moves *pro se* to dismiss the indictment.[1] The Government opposes the motion.[2] Because Okpalobi's motion is untimely, the Court denies the motion.

### I. BACKGROUND

On March 18, 2015, the defendant pleaded guilty to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and conspiracy to falsify records in a federal investigation in violation of 18 U.S.C. § 371.[3] According to the factual basis that Okpalobi signed, she owned and operated Medical Specialists of New Orleans, Inc. (MSNO) and managed a number of

---

[1]   R. Doc. 1037.
[2]   R. Doc. 1040.
[3]   R. Doc. 262; R. Doc. 261.

other companies.[4]  Okpalobi and her co-conspirators used those companies "to submit [claims] to Medicare and receive payments . . . electronically."[5]  In doing so, Okpalobi submitted claims to Medicare for health services "that were not medically necessary and/or were not provided."[6]  In total, MSNO and other entities submitted fraudulent claims to Medicare amounting to approximately $49,989,323.[7]

On February 22, 2017, the Court sentenced Okpalobi to a term of 162 months' imprisonment, to be followed by 3 years of supervised release.[8]  Okpalobi moved to vacate her sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel.[9]  The Court denied Okpalobi's motion,[10] and the Fifth Circuit affirmed that decision.[11]  Okpalobi next moved for compassionate release under 18 U.S.C. § 3582,[12] which this Court denied.[13]  The Fifth Circuit affirmed that decision as well.[14]  Now Okpalobi asks the

---

[4]   R. Doc. 263 at 1-2.
[5]   *Id.* at 2.
[6]   *Id.* at 3.
[7]   *Id.* at 4.
[8]   R. Doc. 769 at 2-3.
[9]   R. Doc. 864.
[10]  R. Doc. 971 at 3.
[11]  R. Doc. 1036.
[12]  R. Doc. 1003.
[13]  R. Doc. 1019.
[14]  R. Doc. 1036.

Court to dismiss the indictment,[15] asserting this Court lacks subject matter jurisdiction.

## II.   DISCUSSION

Okpalobi cites Federal Rule of Criminal Procedure 12(b) and asks the Court to dismiss the indictment for want of subject matter jurisdiction.[16] Rule 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time *while the case is pending*." Fed. R. Crim. P. 12(b)(2) (emphasis added). Numerous courts have held that a Rule 12 motion is untimely after a Court has entered a final judgment, and the defendant does not file an appeal. *See, e.g., United States v. Barreto-Barreto*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that, after a final judgment has been entered, and no direct appeal has been filed, a case is no longer pending within the meaning of Rule 12); *United States v. Wolff*, 241 F.3d 1055, 1056-57 (8th Cir. 2001) (holding that defendant could not seek relief under Rule 12 to challenge subject matter jurisdiction after final judgment was entered and defendant did not file a direct appeal); *United States v. Craft*, 471 F. App'x 89, 90 (3d Cir. 2012) (affirming the denial of a motion to dismiss under Rule

---

15   R. Doc. 1037.
16   *Id.* at 1.

12 because the defendant had pleaded guilty and was sentenced and so his "case [was] no longer 'pending'"). "A final judgment in a criminal case means the order sentencing the defendant." *United States v. Neumann*, 556 F.2d 1218, 1219 (5th Cir. 1977).

Here, the Court entered a final judgment on February 22, 2017, when it sentenced Okpalobi.[17]  Under the terms of her plea agreement, Okpalobi waived her right to direct appeal except in the event that the Court imposed a sentence in excess of the statutory maximum.[18]  Okpalobi did not file a direct appeal on that ground.  The Court finds that Okpalobi's Rule 12 motion, filed on January 11, 2021, is untimely.

To the extent Okpalobi challenges her conviction and sentence outside of the Rule 12 framework, the Court construes her motion under Section 2255.  Section 2255 provides that "[a] prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction" to impose a sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  As noted above, Okpalobi has already brought a Section 2255 motion to

---

[17]   R. Doc. 769 at 2-3.
[18]   R. Doc. 262 at 3.

4

challenge the same judgment she challenges here, and Okpalobi raises claims that could have been raised in her earlier Section 2255 motion. This renders her motion "second or successive," within the meaning of 28 U.S.C. § 2255(h). *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) ("[W]e define[] a 'second or successive' petition as one that '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Consequently, this Court lacks the authority to review Okpalobi's petition without authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244 ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that the certification requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); *see also In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) ("A movant's failure to seek authorization from this Court before filing a second or successive [petition] acts as a jurisdictional bar."); *United States v. Mason*, 116 F. App'x 469, 470

5

(5th Cir. 2004) (holding that, without authorization from the Fifth Circuit, the district court is required to dismiss the petitioner's Section 2255 motion "for lack of jurisdiction").

For the foregoing reasons, Okpalobi's motion is DENIED.

New Orleans, Louisiana, this __9th__ day of March, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE