UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-101 |
| PAIGE OKPALOBI | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendant Paige Okpalobi's motion for compassionate release.[1] This is defendant's second such motion. The government opposes the motion.[2] Because the defendant has not shown that she has exhausted her administrative remedies, and because she does not meet the requirements for compassionate release, the Court denies the motion.

## I.  BACKGROUND

On March 18, 2015, the defendant pleaded guilty to (1) conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and (2) conspiracy to falsify records in a federal investigation in violation of 18 U.S.C. § 371.[3]

---

[1]  R. Doc. 1049.
[2]  R. Doc. 1064.
[3]  R. Doc. 262.

According to the factual basis that Okpalobi signed, she owned and operated Medical Specialists of New Orleans, Inc. (MSNO) and managed a number of other companies.[4] Okpalobi and co-conspirators used those companies "to submit [claims] to Medicare and receive payments . . . electronically."[5] In doing so, Okpalobi submitted claims to Medicare for health services "that were not medically necessary and/or were not provided."[6] In total, MSNO and the other companies submitted fraudulent claims to Medicare amounting to approximately $49,989,323.[7]

This Court sentenced Okpalobi to a term of thirteen and a half years' imprisonment, to be followed by three years of supervised release.[8] Defendant Okpalobi has served approximately four years of that sentence and is currently housed at FMC Lexington, satellite camp, with a projected release date of October 20, 2028.[9] On May 11, 2020, defendant moved for compassionate release on the basis of her medical history and the COVID-19 pandemic.[10] On June 23, 2020, the Court denied the motion.[11]

---

[4]   R. Doc. 263 at 1-2.
[5]   *Id.* at 2.
[6]   *Id.* at 3.
[7]   *Id.* at 4.
[8]   R. Doc. 769 at 2-3.
[9]   R. Doc. 1064 at 1.
[10]  R. Doc. 1003.
[11]  R. Doc.1019.

2

On March 22, 2021, defendant again moved for compassionate release.[12] She represents that she has already been infected with COVID-19[13] and has been vaccinated against the virus.[14] She asserts that she fears reinfection, and that her physical and mental health conditions place her at special risk.[15] Defendant also submits letters from family and friends in support of her motion.[16] The Government argues that defendant has failed to present "extraordinary and compelling reasons" warranting compassionate release.[17] The Government cites defendant's vaccination status, and prior infection and recovery, and argues that, even if she were reinfected with COVID-19, she does not face a severe outcome.[18] The Government further argues that the sentencing factors in 18 U.S.C. § 3553(a) weigh against defendant's release.[19]

The Court considers defendant's motion below.

---

12   R. Doc. 1049.
13   *Id.* at 11, 13.
14   R. Doc. 1060-1.
15   R. Doc. 1049 at 10.
16   R. Doc. 1060-2.
17   R. Doc. 1064 at 16-22.
18   *Id.*
19   *Id.* at 22-25.

3

## II. DISCUSSION

As a threshold matter, Okpalobi has not shown that she has satisfied the exhaustion requirement for compassionate release. The statute provides that a district court may grant compassionate release only if the defendant files the motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The record indicates that, on August 3, 2020, Okpalobi wrote to the warden seeking compassionate release.[20] On November 11, 2020, the warden denied defendant's request and instructed her on how to pursue an appeal.[21] But Okpalobi does not assert—nor is there any evidence in the record to suggest—that she ever appealed the decision.

Courts have required an appeal of the warden's decision regarding compassionate release for a prisoner to have exhausted administrative remedies. *See, e.g., United States v. Whirl*, No. 18-17, 2020 WL 3883656, at

---

[20]  R. Doc. 1049-1 at 2.
[21]  *Id.*

4

\*1-2 (S.D. Miss. July 9, 2020) (noting that a defendant may submit an appeal on a BP-10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response, and that failure to do so is a failure to exhaust administrative remedies); *United States v. Hooker*, No. 14-0367, WL 3843736 at \*1 (N.D. Tex. July 8, 2020) (holding that a failure to appeal a warden's decision is a failure to exhaust administrative remedies).

This requirement applies even when thirty days have passed since the warden received a request from a defendant. In other words, when a warden has denied a defendant's request, the defendant cannot forgo an appeal of the denial by waiting thirty days from the receipt of her request. *See United States v. Martin*, No. 16-70, 2020 WL 3065302, at \*2-3 (S.D. Miss. June 9, 2020); *United States v. Np Lap Seng*, 459 F. Supp. 3d 527, 536 (S.D.N.Y. 2020); *United States v. Cotto*, No. 16-36, 2020 WL 2735960, at \*2 (E.D. La. May 26, 2020) (finding that when the BOP formally denies a defendant's motion, the defendant must appeal that decision to exhaust his or her administrative remedies). Therefore, because defendant failed to appeal the warden's denial of her request, she has failed to exhaust her administrative remedies. This creates a "glaring roadblock" to her motion for

compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Even if defendant had properly exhausted her administrative remedies before pursuing release in this Court, she has failed to otherwise show that she is entitled to compassionate release. Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by a prisoner, rather than by the Bureau of Prisons, "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)"). Okpalobi's request for compassionate release fails to meet this standard.

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they applicable." 18 U.S.C. § 3582(c)(1)(A). Here, those factors, specifically "need for the sentence imposed . . . to reflect the seriousness of the offense," militate heavily against Okpalobi's release. Defendant participated in a conspiracy that produced more than $49 million in fraudulent health care claims. She has served roughly four years of a thirteen-and-a-half-year prison sentence,

6

which is to be followed by three years of supervised release. The Court finds that defendant's sentence would not "reflect the seriousness of the offense" were she released after serving only one third of her term of imprisonment.

Furthermore, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting her release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of her motion, defendant relies on her physical and mental health conditions, as well as the risks posed by the COVID-19 pandemic.[22] These are largely the same grounds raised in her previous motion for compassionate release. Specifically, defendant again cites her asthma, heart conditions, and high blood pressure.[23] She does not assert that these conditions have worsened or otherwise changed since the filing of her previous motion. The Court therefore reiterates and incorporates here its June 23, 2020 findings that these physical conditions, combined with defendant's generalized fear of COVID-19, do not constitute "extraordinary and compelling reasons" warranting compassionate release.[24] *See Raia*, 954

---

[22] R. Doc. 1049 at 5-13.
[23] *Id.* at 10.
[24] *See* R. Doc. 1019 at 6 ("[Okpalobi]'s medical records confirm that [she] has a 'seasonal' form of asthma for which she is prescribed albuterol. The medical records reflect that as of September 4, 2019, Okpalobi had never been hospitalized because of her asthma. . . . [T]he defendant manages her asthma with a 'rescue inhaler,' which she 'uses less than weekly.'") (footnotes omitted); *id.* at 7 ("In addition to asthma, Okpalobi has hypertension. Okpalobi's PSR indicates that she has

7

F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 13-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release.").

The Court notes that its 2020 Order refers in part to the policy statement and commentary in U.S.S.G. § 1B1.13. Since the date of that Order, the Fifth Circuit has held that district courts are not bound by the policy statement or commentary in § 1B1.13 when considering a motion for compassionate release brought by a prisoner, rather than by the Bureau of Prisons. *See Shkambi*, 993 F.3d 392-93. Accordingly, in incorporating the relevant portions of its 2020 Order, the Court does not here rely on an application of § 1B1.13. Instead, the Court holds that, pursuant to its prior discussion of defendant's medical conditions, her asserted grounds for

---

    experienced 'heart problems' since 2011 . . . . In April of 2017, a radiologist examined Okpalobi's lungs and heart[, and noted] '[n]o acute cardiopulmonary disease. Lungs are clear. Heart size normal.'. . . Okpalobi's conditions do not meet the 'extraordinary and compelling reasons' standard . . . .") (footnotes omitted); *id.* at 9 ("At the heart of Okpalobi's request is a generalized fear of COVID-19 . . . A generalized fear of the virus, by itself, does not rise to an 'extraordinary and compelling reason' justifying release.").

8

release fall short of the statutory "extraordinary and compelling reasons" standard set out in 18 U.S.C. § 3582(c)(1)(A).

In addition to her physical conditions, defendant also asserts that she suffers from certain mental-health disorders, including "anxiety disorder, unspecified depressive disorder, . . . post[-]traumatic stress disorder [PTSD], . . . borderline personality disorder patterns, and nightmare disorder."[25] With the exception of PTSD, defendant did not raise these issues in her previous motion. Nonetheless, the Court similarly finds that these issues are neither extraordinary nor compelling for the purposes of defendant's motion. Beyond a general assertion that "mental illness weakens the immune system,"[26] defendant makes no showing that her mental-health disorders transform the basis of her motion into anything other than "[a] generalized fear of contracting COVID-19." *Marco*, 2020 WL 2754914, at *2.

Indeed, the Court's previous finding that defendant's fears of COVID-19 do not require release applies with even greater force on the present motion. First, defendant has already contracted and recovered from COVID-19.[27] The record lacks any evidence that she experienced severe illness during this period due to her underlying medical conditions. Second, as of

---

[25] R. Doc. 1049 at 10.
[26] *Id.* at 11.
[27] *Id.*

9

March 2021, defendant has been fully vaccinated against COVID-19.[28] The majority of inmates in her facility have also been fully vaccinated.[29] These circumstances collectively undermine defendant's claim that she is at serious risk of severe illness from a hypothetical reinfection of COVID-19.

For these reasons, defendant's physical and mental health conditions, alongside a fear of COVID-19, do not rise to the "extraordinary and compelling reasons" standard of 18 U.S.C. § 3582(c)(1)(A)(i).

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __10th__ day of August, 2021.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[28]   R. Doc. 1060-1.
[29]   Fed. Bureau of Prisons, *COVID-19* (Aug. 9, 2021), https://www.bop.gov/coronavirus/index.jsp; *See also* R. Doc. 1064 at 2 n.3.