UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-101 |
| PAIGE OKPALOBI | SECTION "R" (3) |

### ORDER AND REASONS

Before the Court is defendant Paige Okpalobi's motion for reconsideration of the Court's denial of her motion for compassionate release.[1] The Government opposes the motion.[2] For the following reasons, the Court denies the motion.

### I. BACKGROUND

On March 18, 2015, the defendant pleaded guilty to (1) conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and (2) conspiracy to falsify records in a federal investigation in violation of 18 U.S.C. § 371.[3] This Court sentenced defendant to a term of thirteen and a half years' imprisonment, to be followed by three years of supervised release.[4]

---

1   R. Doc. 1122.
2   R. Doc. 1125.
3   R. Doc. 262.
4   R. Doc. 769 at 2-3.

Defendant is currently housed at FMC Lexington's satellite camp, with a projected release date of October 20, 2028.[5]

On May 11, 2020, defendant moved for compassionate release on the basis of her medical history and the COVID-19 pandemic.[6] On June 23, 2020, the Court denied the motion.[7] On March 22, 2021, defendant again moved for compassionate release, citing her health conditions and the COVID-19 pandemic.[8] On August 10, 2021, the Court denied the motion.[9]

On January 20, 2022, defendant filed a motion for reconsideration.[10] She reiterates her concerns regarding her age, health conditions, and the COVID-19 pandemic. She also represents that in December of 2021 she became infected with COVID-19 for the second time.[11] The Government opposes defendant's motion, contending that her repeated assertions do not remedy the other problems that the Court identified as to defendant's prior motions, and that she is not otherwise entitled to reconsideration.[12]

---

[5] *See* Fed. Bureau of Prisons, *Find an Inmate* (2022), https://www.bop.gov/inmateloc.
[6] R. Doc. 1003.
[7] R. Doc. 1019.
[8] R. Doc. 1049.
[9] R. Doc. 1080.
[10] R. Doc. 1122.
[11] *Id.* at 1-2.
[12] R. Doc. 1125.

## II. DISCUSSION

Because a motion to reconsider "should not be used to revisit issues already addressed," *United States v. Barton*, No. 19-161, 2020 WL 32441, at *2 (E.D. La. Jan. 2, 2020), the Court denies defendant's motion. Nothing material has changed since the Court's denial of her request for compassionate release.[13] First, defendant has again failed to show that she has satisfied the exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). She makes no mention of the Court's prior finding that she has not exhausted her remedies, and does not state or submit evidence indicating that she has pursued the necessary remedies since the denial of her last motion.

Second, her arguments on the substance of her request are substantially identical to the arguments that this Court has already considered and rejected. Specifically, defendant's health conditions and the risks posed by COVID-19 do not warrant compassionate release. Indeed, that she has now contracted and recovered from COVID-19 *twice* undermines her claim that the virus amounts to an extraordinary or compelling reason warranting her release. Furthermore, the § 3553(a)

---

[13] *See* R. Doc. 1080.

sentencing factors, including the need for the sentence imposed to reflect the seriousness of the offense, continue to weigh against defendant's release.

## III.  CONCLUSION

Accordingly, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __21st__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE